Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08540

www.troutman.com

Angelo A. Stio III
Partner
D: 609.951.4125
angelo.stio@troutman.com
Admitted in: New Jersey, New York, Pennsylvania

May 6, 2024

**BY ECF AND E-MAIL**

Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
   Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re:    **May 7, 2024 Case Management Conference - Daniel's Law Cases**

Dear Judge Bartle:

This firm represents eleven Defendants in the Daniel's Law cases assigned to Your Honor.[1] We have conferred with counsel for the following Defendants that also join in this letter: CoStar Group, Inc. (Case No. 24-cv-04111), LightBox Holdings, L.P. (Case No. 24-cv-04105), Vericast Corp. (24-cv-04770), Accurate Append (Case No. 24-cv-04178), Black Knight Technologies, LLC (Case No. 24-cv-04233), Black Knight, Inc. (Case No. 24-cv-04233), Civil Data Research (Case No. 24-cv-04143), Data Axel, Inc. (Case No. 24-cv-04181), eMerges.com (Case No. 24-cv-04434), Digital Safety Products, LLC (Case No. 24-cv-04141), Labels & Lists, Inc. (Case No. 24-cv-04174), Melissa Data Corp. (Case No. 24-cv-04192), National Data Analytics, LLC (Case No.

---

[1] Troutman Pepper represents Defendants in the following matters:
    *Atlas Data Privacy Corp., et al v. Acxiom LLC, et al*, (No. 1:24-cv-4107);
    *Atlas Data Privacy Corp., et al v. Atdata, LLC, et al*, (No. 1:24-cv-4447);
    *Atlas Data Privacy Corp., et al v. Carco Group Inc., Intellicorp Records, Inc., et al*, (No. 1:24-cv-4077);
    *Atlas Data Privacy Corp., et al v. Deluxe Corp., et al*, (No. 1:24-cv-4080);
    *Atlas Data Privacy Corp., et al v. DM Group, Inc., et al*, (No. 1:24-cv-4075);
    *Atlas Data Privacy Corp., et al v. Enformion, LLC, Enformion Holdco, Inc., et al*, (No. 1:24-cv-4110);
    *Atlas Data Privacy Corp., et al v. Red Violet, Inc., et al*, (No. 1:24-cv-4113);
    *Atlas Data Privacy Corp., et al v. Remine Inc., et al*, (No. 1:24-cv-4182);
    *Atlas Data Privacy Corp., et al v. RocketReach LLC, et al*, (No. 1:24-cv-4664);
    *Atlas Data Privacy Corp., et al v. CoreLogic, Inc., et al*, (No. 1:24-cv-4230); and
    *Atlas Data Privacy Corp., et al v. PropertyRadar, et al*, (No. 1:24-cv-5600).

Honorable Harvey Bartle III, U.S.D.J.
May 6, 2024
Page 2



24-cv-04141), Neustar, Inc. (Case No. 24-cv-04288), MyHeritage Ltd. (Case No. 24-cv-04392), MyHeritage (USA), Inc. (Case No. 24-cv-04392), Quantarium Group, LLC (Case No. 24-cv-04198), Quantarium Alliance, LLC (Case No. 24-cv-04198), Fortnoff Financial (Case no. 24-cv-4390), Restoration PAC (Case No. 24-cv-04324), Scalable Commerce, LLC(Case No. 24-cv-04160), Spokeo, Inc. (Case No. 24-cv-04299), Precisely Holdings, LLC (Case No. 24-cv-04571), Precisely Software Inc. (Case No. 24-cv-04571), Precisely Software Ltd. (Case No. 24-cv-04571), Trans Union LLC (Case No. 24-cv-04288), TransUnion Risk an Alternative Data Solutions, Inc. (Case No. 24-cv-04288), Vericast Corp. (Case No. 1:24-cv-04770), We Inform, (Case No. 24-cv-04037), The People Searchers, (Case No. 24-cv-04037), Infomatics (Case No. 24-cv-04037), GoHunt, LLC (Case No. 2:24-cv-04380), GoHunt Management Holdings, LLC (Case No. 2:24-cv-04380), GoHunt Management Holdings II, LLC (Case No. 2:24-cv-04380), AccuZIP (Case No. 24-04383), Valassis Digital Corp. (Case No. 24-cv-04770), Valassis Communications, Inc. (Case No. 24-cv-04770), Yardi Systems, Inc. (Case No. 2:24-cv-4103), Lusha Systems, Inc. (Case No. 1:24-cv-04184), Claritas, (Case No. 1:24-cv-04175), Wiland, Inc. (Case No. 1:24-cv-04442) Search Quarry Inc. (Case No. 24-cv-04106 ), 6sense Insights, Inc. (Case No. 1:24-cv-04104), and Commercial Real Estate Exchange, Inc. (Case No. 1:24-cv-04073 )(collectively the "Signatory Defendants).

We write in advance of tomorrow's Case Management Conference to provide the Court with the Signatory Defendants' position on the following two issues: (i) a proposed briefing schedule for Defendants' facial challenges to the constitutionality of Daniel's Law, and (ii) Plaintiffs' Consolidated Motion to Remand.

    I.    **The facial challenges to the constitutionality of Daniel's Law.**

The Signatory Defendants are proposing a briefing schedule for the fair and efficient handling of the facial challenges to the constitutionality of Daniel's Law, including allowing sufficient time for the Attorney General of the State of New Jersey to exercise his right to decide whether to participate in this matter. The Signatory Defendants make this proposal consistent the Court's attempt to sequence issues in the Daniel's Law cases in order to make dispositive rulings applicable to all cases, and without the Defendants waiving any of their rights to pursue motions based on lack of personal jurisdiction, compelling arbitration, as-applied constitutional challenges to Daniel's Law, or any other legal or factual theory.

The briefing schedule proposed below also allows all Defendants to brief the facial challenges to the constitutionality of Daniel's law, regardless of whether they are subject to a motion to remand.

*Proposed Briefing Schedule*

1. **June 27, 2024.** Defendants shall file Motions to Dismiss asserting facial constitutional challenges to Daniel's Law. Defendants may file a consolidated supporting brief, or may file individual briefs. Any consolidated brief shall be no more than sixty (60)

Honorable Harvey Bartle III, U.S.D.J.
May 6, 2024
Page 3

___

pages in length. Any individual opening briefs shall be subject to the page limitations set forth in Local Civ. R. 7.2.

2. **June 27, 2024 (Rule 5.1 Notice).** Defendants to provide Rule 5.1 Notice to the Attorney General of the State of New Jersey setting forth a concise joint statement outlining the basis for challenges to the constitutionality of Daniel's Law.

3. **July 1, 2024 (Certification of Rule 5.1 Notice by the Court).** The Court shall certify the constitutional challenge to Daniel's Law to the Attorney General of the State of New Jersey.

4. **August 12, 2024 (Opposition to Motions to Dismiss).** Plaintiffs shall file their opposition to any moving briefs. The opposition shall be no more than sixty (60) pages in length. The opposition(s) to any individual opening briefs shall be subject to the page limitations set forth in Local Civ. R. 7.2.

5. **August 29, 2024 (Attorney General Intervention).** Deadline for the Attorney General of the State of New Jersey to intervene.

6. **September 19, 2024** – The Attorney General of the State of New Jersey shall file any opposition to any moving briefs. The Attorney General's brief shall be no more than sixty (60) pages in length.

7. **October 26, 2024 (Reply Briefs in Support of the Motion to Dismiss).** Defendants shall file a consolidated reply brief of no greater than thirty (30) pages in length, or individual reply briefs (to the extent any separate motions to dismiss were filed). Any individual reply briefs shall be subject to the page limitations set forth in Local Civ. R. 7.2.

II. **Plaintiffs' Consolidated Motion To Remand – Proposed Approach**

The Signatory Defendants have reviewed Plaintiffs' Consolidated Motion to Remand. While Defendants respectfully submit that the Court's subject matter jurisdiction over all of the pending cases is secure, Plaintiffs' Remand Motion raises multiple factual issues concerning the putative assignments to Atlas, confirmation of those assignments, Atlas's background, and the *Long John Silver* factors that relate to subject matter jurisdiction. Instead of diverting resources at this time to necessary factual discovery on these issues or requiring further briefing on the Remand Motion, the Signatory Defendants respectfully request that, as contemplated at the prior conference, the Court continue the stay on all matters other than the facial challenges to the constitutionality of Daniel's law.

A continuation of the stay will promote judicial efficiency and fairness by enabling the Court and all parties to focus their attention and resources on the facial constitutional challenges to Daniel's

Honorable Harvey Bartle III, U.S.D.J.
May 6, 2024
Page 4

---

Law, which are potentially dispositive to all cases. The continuation of the stay also provides the benefit of enabling the Attorney General of the State of New Jersey to determine whether he wishes to participate in the cases before subject matter jurisdictional discovery and potential discovery motion practice occur.

We also note that the continuation of the stay will not prejudice Atlas or any of the other Plaintiffs. In their Remand Motion, Plaintiffs state they "have no preference between federal court or state court" and contend they only "care about. . . the cases mov[ing] forward efficiently." Pls' Brf. at 1. Because the Consolidated Motion to Remand only applies to some of the cases before this Court, no matter how the Court ultimately resolves the Motion, Plaintiffs will be litigating many other cases in this Court (and will continue to litigate additional cases still pending in state court). Thus, expending judicial resources wading into jurisdictional issues in just a subset of the cases does not advance the goal of "moving forward efficiently" with all of the cases. Instead, as the Court suggested previously, the most efficient way to proceed is to focus on threshold and potentially dispositive issues that could apply across all pending cases.

In light of the foregoing, the Signatory Defendants submit that a continuation of the stay will promote a fair, efficient and sequenced process. It will allow the Court and parties to focus on potentially dispositive issues common to all cases, and defer further motion practice until after the such issues are resolved. As outlined above, the stay also will enable the Attorney General of the State of New Jersey time to determine whether to participate in these cases.

*   *   *

We thank the Court for its consideration in reviewing the proposed recommendations included in this letter. We look forward to speaking with Your Honor on May 7, 2024.

Respectfully,

Angelo A. Stio III

cc:   Rajiv Parikh, Esq.
      Adam Shaw, Esq.
      John Yanchunis, Esq.
      Ryan McGee, Esq.
      Mark C. Mao, Esq.
      James Lee, Esq.